UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| **SHANTEL MITCHELL DEES** | § | **CIVIL ACTION NO:** |
| | § | |
| *Plaintiff* | § | |
| **v.** | § | |
| | § | |
| **NISSAN NORTH AMERICAN, INC.** | § | |
| | § | |
| *Defendant* | § | **JURY TRIAL REQUESTED** |

## COMPLAINT

### I. Parties

1. Plaintiff, SHANETEL MITCHELL DEES, has been at all times material hereto resident and citizen of the state of Louisiana.

2. Defendant, NISSAN NORTH AMERICA, INC., hereinafter "NISSAN," is a California corporation with its principal place of business located in California and a citizen of California and is a warrantor of the vehicle that Plaintiff purchased and is a merchant in goods of the kind involved in this case.

   NISSAN's agent for service of process is CSC of St. Tammany Parish, Inc., 4600 Highway 22, Suite 9, Mandeville, Louisiana 70471.

### II. Jurisdiction

3. This Court has federal question jurisdiction over the lawsuit under the Magnuson-Moss Warranty Act pursuant to 15 USC § 2310(d); and 28 USC § 1331 in that the disputes involve predominant issues of federal law.

   Plaintiff is suing the Defendant for a rescission of the sales contract under Louisiana Civil Code Art. 2545 wherein a seller who knows that the thing he sells has a defect but omits to

declare it, or a seller who declares that the thing has a quality that he knows it does not have, is liable to the buyer for the ***return of the price with interest from the time it was paid, for the reimbursement of the reasonable expenses occasioned by the sale and those incurred for the preservation of the thing, and also for damages and reasonable attorney fees***. [Emphasis Added] A seller is deemed to know that the thing he sells has a redhibitory defect when he is a manufacturer of that thing.

The court has supplemental jurisdiction under 28 USC § 1367 over Plaintiff's state law claims because said claims are so related to the claims within the Court's original jurisdiction that they form part of the same case or controversy under Article 3 of the United States Constitution.

### III.  Venue

4. Venue is proper in this district under 28 U.S.C. §1391(a)(3) because the Defendants are subject to personal jurisdiction in this district and there is no other district where the suit may be brought.

### IV. Conditions Precedent

5. All conditions precedents have been performed or have occurred.

### V.  Facts

#### A.  The Transaction

6. On November 30, 2022, Plaintiff purchased a certified new 2023 NISSAN PATHFINDER bearing VIN: 5N1DR3DH3PC206295, hereinafter "PATHFINDER," from RAY BRANDNT NISSAN. The PATHFINDER was purchased primarily for Plaintiff's personal use in the State of Louisiana.

7. The sales price of the PATHFINDER was $55,949.00. Civil or Punitive penalties

for breach of warranty are recoverable, if they are recoverable for breach of implied and express warranties under the applicable state law.  See **_Hughes v. Segal Enterprises, Inc._, 627 F. Supp. 1231, 1238 (W.D. Ark. 1986); _Chariton Vet Supply, Inc. v. Moberly Motors Co._, 2:08CV47MLM, 2009 WL 1011500 (E.D. Mo. Apr. 15, 2009).**

8. Plaintiff is also entitled to an award for non-pecuniary damages under La. Civil Code Articles 1998 in the amount of $25,000.00. See Beasley v. Ed's MobileHomes, Inc., 01-1549 (La. Ct. App. 3 Cir. 4/17/02), 824 So.2d 383, writ denied, 02-1408 (La. 9/20/02), 825 So.2d 1170

### D.  Actionable Conduct

9. In fact, when delivered, the PATHFINDER was defective in materials and workmanship, with such defects being discovered within the warranty periods, including but not limited to the following:

   A. **LEAKING SUNROOF DEFECTS, NON-CONFORMITIES AND/OR CONDITION;**

   B. **ANY DEFECTS, NON-CONFORMITIES AND/OR CONDITION LISTED IN ANY REPAIR ORDER WHEREIN THE PATHFINDER HAS BEEN SERVICED 5 TIMES FOR THE SAME DEFECT AND IS STILL NOT REPAIRED.**

10. Since purchase, Plaintiff has returned his PATHFINDER to the Defendant and its authorized dealers for repairs on numerous occasions.  Despite this prolonged period during which Defendant was given the opportunity to repair the PATHFINDER, the Defendant has failed to repair the PATHFINDER.

11. Plaintiff directly notified the Defendant of the defects, non-conformities and conditions in the PATHFINDER on numerous occasions.

12. The PATHFINDER is a "thing" under La. Civil Code Articles 2520, et seq.

13. NISSAN is a "manufacturer" and "final assembler" under La. Civil Code Articles 2520, et seq.

14. RAY BRANDNT NISSAN is a "seller" under La. Civil Code Articles 2520, et seq.

15. The Plaintiff is a "buyer" under in La. Civil Code Articles 2520, et seq.

16. The defects described in the PATHFINDER vehicle meet the definition of a redhibitory defect as defined in La. Civil Code Articles 2520, et seq.

17. The Plaintiff has provided the Defendant sufficient notice and opportunity to repair her defective PATHFINDER.

18. The Plaintiff has performed each and every duty required of him under Louisiana Redhibition Laws, except as may have been excused or prevented by the conduct of the Defendant, as herein alleged.

19. The hidden defects, non-conformities and conditions in the PATHFINDER existed at the time of sale, but were not discovered until after delivery. Neither Plaintiff nor a reasonable prudent buyer would have purchased the PATHFINDER had he or she known of the defects prior to the sale.

20. Furthermore, the Defendant has failed to repair the PATHFINDER which constitutes a breach of the implied warranties of redhibition, and entitles Plaintiff to a rescission of the sale, return of the purchase price, plus all collateral costs of the sale, finance charges, insurance premiums, out of pocket expenses, and non-pecuniary damages under Louisiana Civil Code Articles 1998, et seq.

21. Under Louisiana Redhibition laws, Plaintiff is entitled to recover a sum equal to the

aggregate amount of attorney fees, costs and expenses, if Plaintiff prevails. As a proximate result of Defendant's misconduct as alleged herein, and in an effort to protect his rights and to enforce the terms of the agreement as more particularly set forth above, it has become necessary for Plaintiff to employ the legal services of Richard C. Dalton. Plaintiff has incurred and continue to incur legal fees, costs and expenses in connection here within.

### VI. Prayer for Relief

22. For these reasons, Plaintiff prays for judgment against the Defendant for the following:

    a. For general, special and actual damages according to proof at trial;

    b. Rescinding the sale of the 2023 NISSAN PATHFINDER bearing VIN: 5N1DR3DH3PC206295 and returning to Plaintiff the purchase price including all collateral costs at the time of the sale, any and all finance charges, insurance premiums, maintenance costs, repair costs, and damages;

    c. For incidental, consequential and non-pecuniary damages according to proof at trial;

    d. Out-of-pocket damages for expenditures related to any cost of repairs, deductibles; and towing charges;

    e. Any diminution in value of the PATHFINDER attributable to the defects;

    f. Past and future economic losses;

    g. Prejudgment and post-judgment interest;

    h. Attorney fees;

    i. Costs of suit, expert fees and litigation expenses; and

    j. All other relief this Honorable Court deems appropriate.

### VII. Demand for Jury Trial

23. The Plaintiff hereby demands trial by jury to the extent authorized by law.

RESPECTFULLY SUBMITTED:

BY: /s/ *Richard C. Dalton*
Richard C. Dalton
Texas Bar No. 24033539
Louisiana Bar No. 23017
California Bar No. 268598
P.O. Box 358
Carencro, Louisiana 70520-0358
rick@rickdalton.law
(337) 371-0375

ATTORNEY FOR PLAINTIFF